BARBARA WATHEN, Appellant, v. CLAUDE WATHEN, Respondent.

**St. Louis Court of Appeals, March 31, 1903.**

**Divorce:** GROUND, DESERTION: MUTUAL AGREEMENT TO SEPARATE. Where the separation appears from the evidence to have been the result of a mutual understanding between the parties, notwithstanding a quarrel that occurred just before it was consummated, a decree of divorce should be denied plaintiff, although defendant made default.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Kurt Von Reppert* for appellant.

(1) This court has full power to review the evidence and make out decree as it may deem proper. Deschadt v. Deschadt, 59 Mo. App. 102; Morris v. Morris, 60 Mo. App. 86; Kilpatrick v. Kilpatrick, 80 Mo. App. 70; Ulrey v. Ulrey, 80 Mo. App. 48. (2) The desertion being for the statutory period, willful and without legal excuse or consent, the plaintiff, upon proof of her good character and conduct, and that she was the innocent and injured party, was entitled to a divorce *ex debito justitae* on the day following the expiration of the time prescribed by statute. Ulrey v. Ulrey, 80 Mo. App. 48, and case cited; Linch v. Linch, 87 Mo. App. 36.

No brief for respondent.

GOODE, J.—The parties to this action were married May 14, 1901, and lived together until August 22d thereafter when, the petition alleges, the defendant left home and has since continuously absented himself from

the plaintiff without cause for more than one year. The action was begun by personal service on the defendant, but he filed no answer and made no appearance.

At the conclusion of the testimony for the plaintiff, the circuit court dismissed her bill without prejudice and an appeal was taken from that judgment to this court.

We have perused the evidence and are disinclined to interfere with the decision below. In our opinion the testimony warrants the inference, if it does not compel it, that these parties separated by mutual consent and that there was in no proper sense a desertion or abandonment of plaintiff by defendant. She testified that defendant always treated her well and they got along together pleasantly until a few weeks before the alleged desertion, when she prosecuted an investigation to see whether he was doing night work as he said he was, and finding out that he was not, she grew very angry with him. This quarrel apparently led to the separation. Plaintiff further testified she did not care much about his leaving her and made no inquiry for him, but that she would have lived with him if he had stayed at home.

The proof of desertion, considered in its best phase, is very weak and we affirm the judgment. All concur.